## Perkins v. Stevenson (two cases).

(Decided May 21, 1937.)

DAVID C. HUNTER, LESLIE W. MORRIS and MARION RIDER for appellant.

POLK SOUTH, JR., for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

These two appeals were tried together in the circuit court, and they have been heard and considered together here. In the Ritchie Stevenson case the appellant, J. M. Perkins, is appealing from a judgment of the Franklin circuit court awarding the appellee, Ritchie Stevenson, the sum of $5,374.67, as damages for personal injuries sustained in a collision between an automobile driven by her and a truck owned by appellant and driven by his employee on business of

the appellant at the time of the accident. In the T. S. Stevenson case the appellant has made a motion for an appeal from a judgment awarding the appellee, T. S. Stevenson, the sum of $250 for damages to the automobile belonging to him which was being operated by Miss Ritchie Stevenson at the time of the collision. The questions in each case are identical, and, since Miss Stevenson is the principal party involved, we will hereafter refer to her as the appellee.

Appellant is the distributor of Good Gulf gasoline in Franklin, Anderson, and several other counties. His storage tanks are situated in Frankfort, and distribution is made from this point by means of tank trucks. Mr. J. M. Sides operates a filling station in Anderson County, Ky., serviced by appellant and situated on the east side of the Alton and Lawrenceburg pike at a crossroads about 4 miles north of Lawrenceburg. The paved portion of the road is 18 feet in width, while from shoulder to shoulder the road measures 27 feet across. The filling station fronts 138 feet along the east side, or left, of the road as one proceeds toward Lawrenceburg. The pumps at the filling station are about 25 feet from the edge of the road and the intervening space is filled with crushed stone which has been oiled and is used for vehicular travel. The road in front of the filling station for a distance of about 700 feet to the north, and a distance of 1,500 feet to the south, is straight and on a grade descending from north to south toward Lawrenceburg. The filling station being constructed on the same grade as the road is slightly higher on its north side. In view of this fact, it has been the custom of the driver of appellant's truck in delivering gasoline from Frankfort, to the north, to drive past the northerly entrance to the filling station and then turn into it along its southern side in order that his truck might point to the north, or up, side of the station when unloading gasoline. By thus permitting the back end of the truck to remain lower than the front end, it was possible to drain all of the gasoline from the tank.

About 11:30 o'clock on the morning of July 25, 1935, a truck of the appellant approached the filling station for the purpose of making a delivery of gasoline. According to the driver, when he was at a point about 15 or 20 feet north of the center of the filling

694

station and was preparing to make a left turn into the station, he looked into the rear-view mirror and saw the Pontiac coupe being driven by Miss Stevenson approaching from the rear. He says that he extended his arm, indicating that he was going. to turn, and applied his brakes, bringing the truck practically to a stop. He says that he again looked into the mirror just as he was about to turn and saw that Miss Stevenson had ignored his signal and that the car being driven by her was within about 25 or 30 feet of the truck and traveling, "he imagined," at about 50 or 55 miles per hour. He thereupon brought the truck to a stop, or about to a stop, in a position parallel and to the right of the center of the road. As Miss Stevenson passed, the right front part of her car came in contact with the left front portion of the truck. The truck thereupon rolled diagonally across the road to the right, or west, a distance of some 20 feet. The car driven by Miss Stevenson turned over and finally came to a stop in the ditch on the left-hand side of the road at a point about 100 feet south of the point of the collision. Miss Stevenson testified that she had been trailing the appellant's truck for some little distance before it reached the crest of the hill from which it descended toward Mr. Side's filling station. She says that she remained behind the truck until she had reached the crest of the hill and could see that the road in front was clear for her to pass. She sounded her horn and pulled to the left to pass the truck just at the northerly approach to the filling station. She says:

"Just as I was even with the truck or just a fraction ahead of it, probably my front bumper just a little ahead of his bumper, he suddenly cut left into me. He gave no warning of stopping there, he didn't slow his truck down as it hit my car in the running board just at the door."

In instructing the jury, the court followed the instruction approved in Marsee v. Bates, 235 Ky. 60, 29 S. W. (2d) 632. It instructed the jury substantially that it was the duty of the driver not to turn or change the course of the truck toward the filling station until he saw that there was a sufficient space for such turn to be made in safety and that if it appeared that the other car would be affected by the turn, then to give

the statutory signals. Appellant does not question the correctness of the rules applicable to a vehicle which is turning. He argues, however, that the instruction assumes the very fact in issue; namely, whether appellant's driver had or had not commenced to turn. Obviously the instruction in Marsee v. Bates, supra, was based on the fact that the driver of the defendant's car in that case was actually making a turn, a fact which was not disputed. In the case at bar appellant concedes that, if he was actually turning, the instruction as given in Marsee v. Bates would apply, and, while his driver says that he actually did give a signal, which appellee says she did not see, this would be entirely beside the point unless a turn was actually commenced.

The instruction as given simply assumed that the driver of appellant's truck had already commenced to turn and omitted to submit to the jury the fundamental issue in the case. The instruction as given erroneously assumed the existence of a fact which was itself in issue. Louisville & N. R. Co. v. Slusher's Adm'r, 217 Ky. 738, 290 S. W. 677; J. J. Newberry Co. v. Faulconer, 248 Ky. 59, 58 S. W. (2d) 217. On another trial of this case, if the evidence is the same, the court should give an instruction in substantially this form: It was the duty of the driver of the defendant Perkins' truck, on the occasion in question, not to turn or change the course of such truck toward the filling station, if you believe from the evidence that he did turn or change the course of such truck toward the filling station, until he saw that there was sufficient space for such turn to be made in safety; and if it appeared that the movement or the operation of the car driven by the plaintiff, Ritchie Stevenson, might reasonably be affected by such turn, if made, then it was the further duty of the driver of the defendant's truck to give plainly visible signals to the plaintiff by the use of his hand and arm and to use ordinary care to prevent the truck from colliding with the plaintiff's car. If you believe from the evidence that the driver of the defendant's truck did turn said truck and in so turning failed in the performance of either of the above-mentioned duties, and by reason of such failure, if any, plaintiff was injured, you will find for the plaintiff, and, unless you so believe, you should find for the defendant.

Other questions are argued, which we do not deem it necessary now to consider, and they are reserved. In the case of J. M. Perkins v. T. S. Stevenson, the motion for an appeal is sustained, and the judgment reversed. In the case of J. M. Perkins v. Miss Ritchie Stevenson, the judgment is reversed.

Whole court sitting.